UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLAMEN DIMITROV, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15 C 06332 |
| NISSAN NORTH AMERICA, INC., ) | Judge Marvin E. Aspen |
| a Tennessee Corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Plamen Dimitrov and Yordanka E. Mutafchieva (collectively "Plaintiffs") filed this civil action in diversity against Nissan North America, Inc. ("Defendant") for personal injuries suffered by Dimitrov and for Mutafchieva's loss of consortium. Plaintiffs allege that Defendant breached its duty to provide reasonably safe facilities by failing to provide adequate security and lighting to allow for safe access and exit of its premises to conduct business. Plaintiffs' claims stem from an alleged attempted robbery/hijacking incident that occurred on Defendant's property during which Dimitrov suffered gunshot wounds from an unidentified assailant. Defendant now moves to dismiss for improper venue, or in the alternative, to transfer the case to the Southern District of Mississippi. Plaintiffs, who live in Illinois, prefer to litigate the matter here in Chicago. For the reasons explained below, Defendant's motion to dismiss is granted because we lack personal jurisdiction over Defendant.

## BACKGROUND

Plaintiff Dimitrov was employed by Spirit Logistics, Inc. as an owner-operator truck driver. (Compl. ¶ 6.) On July 25, 2013, he completed a delivery to Defendant's Nissan Plant in

1

Canton, Mississippi.  (*Id.* ¶ 11.)  Dimitrov alleges that, at approximately 10:40 p.m. that evening, he drove his truck outside of Gate Number 6, pulled over, and parked his truck on Defendant's property on New Ragsdale Road.  (*Id.*)  While parked, Dimitrov observed an individual approaching his truck from the rear.  (*Id.* ¶ 12.)  The individual appeared to be talking on his cell phone.  (*Id.*)  The assailant approached the cab of Dimitrov's truck and shouted "get out of the truck."  (*Id.*)  Before Dimitrov could respond, the assailant fired three shots, one of which struck Dimitrov.  (*Id.*)

After regaining consciousness, and in fear of the assailant, Dimitrov fled the area to a truck stop several miles away, where he was transported by ambulance to the University of Mississippi Hospital and underwent emergency surgery.  (*Id.* ¶¶ 13–14.)  Dimitrov claims that the majority of his "medical treatments and surgeries, including the removal of the bullet," subsequently took place in Illinois.  (Opp'n at 1.)

The parties agree that Defendant is a California corporation with a principal place of business in Franklin, Tennessee.  (Mem. at 4 & Ex. A (Aff. of John Dab) ¶¶ 2–3; Opp'n at 2; *see* Reply at 2–6.)  According to the complaint, Defendant "has manufacturing plants, distribution centers, and auto dealerships throughout the United States."  (Compl. ¶ 3.)  Dimitrov further asserts that Defendant has a regional office in Aurora, Illinois, and is registered as a Foreign Corporation Authorized to Transact Business in the state.  (Opp'n at 2.)

## ANALYSIS

Defendant moves to dismiss or transfer Plaintiffs' claims for improper venue under Rule 12(b)(3).  Accordingly, we begin our analysis of the motion by evaluating whether the Northern District of Illinois is a proper venue for this action.

Facing Defendant's Rule 12(b)(3) challenge, Plaintiffs bear the burden of establishing that venue is proper. *Hanyuan Dong v. Garcia*, 553 F. Supp. 2d 962, 964 (N.D. Ill. 2008); *Rotec Indus., Inc. v. Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006); *Interlease Aviation Investors II (Aloha) LLC v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). In ruling on a motion to dismiss for improper venue, we may examine facts outside the complaint while taking all of the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Hanyuan Dong*, 553 F. Supp. 2d at 964; *Interlease Aviation Investors*, 262 F. Supp. 2d at 913.

### A. Standards for Proper Venue under 28 U.S.C. § 1391

Defendant contends that this action cannot be maintained in the Northern District of Illinois. (Mem. at 1.) Under 28 U.S.C. § 1391, venue in a civil case is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Defendant argues that none of these options apply. In support of its position, Defendant stresses that it does not "reside" in Illinois but was incorporated in California and maintains its principal place of business in Tennessee.[1] (Mem. at 4 & Dab Aff. ¶¶ 2–3; Reply at 2–6.)

"For all venue purposes," however, an entity such as Defendant is "deemed to reside . . . in any judicial district in which [it] is subject to the court's personal jurisdiction with respect

---

[1] Defendant also contends that § 1391(b)(2) does not apply because a substantial part of the events underlying the action did not take place in Illinois, but we need not address that issue in light of our jurisdictional holding.

3

to the civil action in question." 28 U.S.C. § 1391(c)(2); *see KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013); *Hayward v. Taylor Truck Line, Inc.*, 15 C 866, 2015 WL 5444787, at *3 (N.D. Ill. Sept. 14, 2015); *Imperial Crane Servs., Inc. v. Cloverdale Equip. Co.*, 13 C 4750, 2013 WL 5904527, at *3 (N.D. Ill. Nov. 4, 2013); *see also Hill v. White Jacob & Assocs., Inc.*, 15 C 9, 2015 WL 1717431, at *2–3 (S.D. Ind. Apr. 15, 2015); *MacDermid Printing Solutions, LLC v. Clear Stamp, Inc.*, 12 C 259, 2013 WL 3176887, at *5 (N.D. Ind. June 21, 2013). In other words, if Defendant is subject to personal jurisdiction in the Northern District of Illinois, then it "resides" here and venue is proper. *KM Enters., Inc.*, 725 F.3d at 732. The venue question raised by Defendant thus hinges on whether we have personal jurisdiction over it, and so we pivot to consider that jurisdictional issue.

### B. Personal Jurisdiction Analysis

As the Seventh Circuit has succinctly described it, "federal personal jurisdiction is proper whenever the [defendant] would be amenable to suit under the laws of the state in which the federal court sits (typically under a state long-arm statute), subject always to the constitutional due process limitations encapsulated in the familiar 'minimum contacts' test." *Id.* at 723; *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) ("Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state."); *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008) ("A federal court . . . has personal jurisdiction only where a court of the state in which it sits would have such jurisdiction."). We therefore rely on Illinois law for this analysis.

"To determine whether personal jurisdiction exists over [a defendant] in Illinois, we consider the Illinois long-arm statute, the Illinois constitution, and the federal constitution." *Citadel Group Ltd.*, 536 F.3d at 760; *Tamburo*, 601 F.3d at 700. Under its long-arm statute,

4

735 ILCS 5/2-209(c), Illinois allows for personal jurisdiction to the extent authorized by the Fourteenth Amendment's due process clause, thus merging the federal constitutional and state statutory inquiries. *Tamburo*, 601 F.3d at 700; *see Citadel Group Ltd.*, 536 F.3d at 760–61. Personal jurisdiction may be general or specific. *KM Enters., Inc.*, 725 F.3d at 732; *uBid, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). We address each possibility below.

### 1. Specific Jurisdiction

Specific jurisdiction exists "if the defendant has certain minimum contacts with [the [s]tate] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Daimler AG v. Bauman*, — U.S. —, 134 S. Ct. 746, 754 (2014) (internal quotations omitted); *Goodyear Dunlop Tires Ops., S.A. v. Brown*, — U.S. —, 131 S. Ct. 2846, 2853 (2011); *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 160 (1945). The scope of specific jurisdiction is limited, as the name implies, to suits "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 1872 n.8 (1984); *Daimler AG*, 134 S. Ct. at 754; *uBid, Inc.*, 623 F.3d at 425 (to establish specific jurisdiction, a plaintiff "must show that its claims against the defendant arise out of the defendant's constitutionally sufficient contacts with the state").

As asserted by Dimitrov, Defendant's contacts with the state of Illinois include: (1) a regional office in Aurora; and (2) registration as a foreign corporation eligible to conduct business. Dimitrov also more generally contends that Defendant "has manufacturing plants, distribution centers, and auto dealerships throughout the United States." (Compl. ¶ 3; *see* Opp'n at 2–3.) He does not specify where these facilities are located, nationally or locally. Nor

5

does he provide any additional details, or argument, about their degree of connection either to Illinois or to the claims he has pled against Defendant.

Bearing in mind the relevant standards, we find that these contacts are simply too generic to give rise to specific jurisdiction over Defendant. Dimitrov has not articulated, for example, how the maintenance of the regional office in Aurora, Defendant's registration as a foreign corporation, or the existence of other types of facilities (to the extent we assume they are located in Illinois) are connected in any way to his lawsuit. Indeed, we are hard-pressed to imagine, on the record before us, how Dimitrov's claims for negligence, premises liability, and loss of consortium—stemming from the shooting incident that occurred in Mississippi—could arise out of or relate to Defendant's Midwest regional office, a dealership, or some other facility theoretically located in Illinois. Because Dimitrov's claims are wholly unrelated to Defendant's contacts with Illinois, Defendant cannot be subjected to specific jurisdiction here. *Daimler AG*, 134 S. Ct. at 754; *uBid, Inc.*, 623 F.3d at 425. Neither venue, nor jurisdiction, can be premised on this theory.

    **2.    General Jurisdiction**

Unlike specific jurisdiction, general jurisdiction extends for all purposes, even if the lawsuit is unrelated to the defendant's connections to the state. *Daimler AG*, 134 S. Ct. at 761; *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414 n.9, 104 S. Ct. at 1872 n.9; *North Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014); *Tamburo*, 601 F.3d at 701. General jurisdiction arises only if the defendant's "affiliations with the [s]tate are so continuous and systematic as to render it essentially at home in the forum [s]tate." *Daimler AG*, 134 S. Ct. at 761; *KM Enters., Inc.*, 725 F.3d at 733. This standard is stringent "because the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into

6

court there to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *uBid, Inc.*, 623 F.3d at 426; *Tamburo*, 601 F.3d at 701 ("The threshold for general jurisdiction is high."); *see E-Telequote Ins., Inc. v. TRG Holdings, LLC*, 14 C 4269, 2015 WL 5950659, at *3 (N.D. Ill. Oct. 13, 2015). A corporation is typically subject to general jurisdiction "in a forum where it is incorporated or has a principal place of business," but may also be subject in other jurisdictions where it is "essentially at home." *Daimler AG*, 134 S. Ct. at 760–61; *KM Enters., Inc.*, 725 F.3d at 733.

It is undisputed that Defendant is neither incorporated, nor maintains its principal place of business, in Illinois. As a result, we must consider whether Defendant's affiliations with Illinois "are so continuous and systematic as to render it essentially at home" here. *Daimler AG*, 134 S. Ct. at 761; *KM Enters., Inc.*, 725 F.3d at 733. Dimitrov raises two distinct arguments for general jurisdiction. (*See* Opp'n at 2–5.)

First, Dimitrov suggests that Defendant's registration as a foreign corporation eligible to do business in Illinois, pursuant to 805 ILCS 5/13.10, equates to Defendant's concession to personal jurisdiction here. (Opp'n at 2–5.) Dimitrov cites no legal precedent to support this assertion, and our research has not located any. The corporation statute in question does not address personal jurisdiction. To the contrary, jurisdiction is governed by Illinois' long-arm statute, which permits, *inter alia*, jurisdiction over a "corporation doing business within this State." 735 ILCS 5/2-209(b)(4). The long-arm statute does not authorize general jurisdiction over all corporations eligible to transact business in the state; jurisdiction arises only if they qualify as an entity "doing business" here.[2]

---

[2] Although not directly on point to Dimitrov's blanket argument, courts have relatedly noted that the "designation of an Illinois registered agent is not an independently determinative factor . . . in determining whether a foreign corporation is doing business in Illinois" within the meaning of the long-arm statute. *Alderson v. S. Co.*, 321 Ill. App. 3d 832, 853, 747 N.E.2d 926, 943–44 (1st

7

Dimitrov seizes upon this language and next argues that Defendant is "doing business" in Illinois both within the meaning of 735 ILCS 5/2-209(b)(4) and consistent with constitutional principles. The Supreme Court recently addressed general jurisdiction, in *Daimler AG v. Bauman*, 134 S. Ct. 746, and "emphasized that only in an 'exceptional case' would general jurisdiction be established in a forum state outside of the corporation's state of incorporation or principal place of business," *U.S. Bank National Association v. Bank of America, N.A.*, 14 C 1492, 2015 WL 5971126, at *7 (S.D. Ind. Oct. 14, 2015) (quoting *Daimler AG*, 134 S. Ct. at 761 n.19). In *Daimler AG*, the court considered whether the California contacts of Mercedes-Benz USA, LLC ("MBUSA"), Daimler's indirect subsidiary, were sufficient to give rise to general jurisdiction there over Daimler. MBUSA was neither incorporated in California, nor maintained its principal place of business there. *Daimler AG*, 134 S. Ct. at 752. MBUSA's contacts with California included: (1) a regional office in Costa Mesa; (2) a vehicle preparation center in Carson; and (3) another center in Irvine. *Id.* In addition, the record showed that MBUSA was "the largest supplier of luxury vehicles to the California market," accounting for 2.4% of Daimler's worldwide sales. *Id.*

On those facts, the court declined to address the agency issue primarily disputed by the parties because it concluded that, "even with MBUSA's contacts attributed to it," Daimler could not be deemed "at home in California."[3] *Id.* at 762. In other words, the court found that the existence of a regional office, the operation of two additional facilities, and MBUSA's extensive

---

Dist. 2001); *see C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 850 (N.D. Ill. 2009) ("Permitting service on any employee or agent of a corporation to create general jurisdiction on the theory that a corporation is therefore 'present' would create the same issues minimum contacts hoped to resolve.").

[3] While we may be in agreement with some of the points raised by Justice Sotomayor in her separate opinion, we are bound by the Supreme Court's holding and rationale. *See, e.g.*, *Daimler AG*, 134 S. Ct. at 763–65, 770 (concurring in the result but questioning why MBUSA's contacts would be insufficient for all-purpose jurisdiction, at least as to MBUSA, when Daimler had conceded as much in the underlying proceedings) (Sotomayor, J., concurring).

sales in the state were not sufficient to confer general jurisdiction.[4]  *Id.*  Yet MBUSA's connections to California were significantly stronger in *Daimler AG* than Defendant's connections to Illinois, as asserted here by Dimitrov.  (Opp'n at 2–5 (arguing that Defendant is subject to jurisdiction because of the existence of the Aurora regional office and unidentified nationwide dealerships)).)  Applying the lessons of *Daimler AG* to this case, we cannot conclude that we have general jurisdiction over Defendant.  *See, e.g.*, *E-Telequote Ins., Inc.*, 2015 WL 5950659, at *3 (finding that "doing 10 percent of your business in Illinois does not make a corporation 'at home,'" because otherwise corporations would have "homes" in numerous states); *Sullivan v. Sony Music Entm't*, 14 C 731, 2014 WL 5473142, at *3 (N.D. Ill. Oct. 29, 2014) (rejecting theory that general jurisdiction arose from defendant's registration to do business in Illinois, designation of an agent for service of process, and operation of a distribution facility in Bolingbrook); *see also Shrum v. Big Lots Stores, Inc. et al.*, 14 C 3135, 2014 WL 6888446, at *6–7 (C.D. Ill. Dec. 8, 2014) (finding that defendant's "fairly extensive and deliberate" contacts with Illinois were insufficient to establish general jurisdiction "because this court must assess the entirety of [defendant's] activities—not just the magnitude of its contacts with Illinois—in determining general jurisdiction").  On the record and allegations before us, it would be unfair to require Defendant to answer Plaintiffs' complaint here in Illinois.  *uBid, Inc.*, 623 F.3d at 426; *see, e.g.*, *NExTT Solutions LLC v. XOZ Techs., Inc.*, 71 F. Supp. 3d 857, 861–66 (N.D. Ind. 2014).

---

[4] In reaching its conclusion, the *Daimler AG* court explained that the general jurisdiction inquiry "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Daimler AG*, 134 S. Ct. at 762 n.20.

## CONCLUSION

For the aforementioned reasons, we grant Defendant's motion to dismiss because we lack personal jurisdiction over Defendant. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: December 22, 2015
         Chicago, Illinois